# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff**, v. BYRON MONTIJO-MAYSONET, **Defendant.** | **Criminal No.** 16-242 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is defendant Byron Montijo-Maysonet ("Montijo")'s motion for reconsideration (Docket No. 118) of the Court's order granting the government's motion *in limine* to prohibit Montijo from presenting evidence regarding mistake of the victims' ages and the victims' consent. See Docket Nos. 68 and 98. For the reasons set forth below, the motion for reconsideration is **DENIED**.

**I.  BACKGROUND**

On August 25, 2016, Montijo was indicted for "knowingly transport[ing] an individual who had not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with the intent to engage in sexual activity for which he may be charged with a criminal offense" pursuant to 18 U.S.C. section 2423(a), among

other offenses.  (Docket No. 28 at p. 2.)  On August 28, 2017, the government filed a motion *in limine* pursuant to Federal Rule of Criminal Procedure 12(b) ("Rule 12(b)") seeking to "prohibit[] the defendant from arguing or presenting evidence at trial that . . . the minor victims somehow consented to engaging in the sexual conduct for which someone could be charged with a crime [and that] the defendant[] w[as] somehow mistaken as to the age of the minor victims."  (Docket No. 68 at p. 1.)  The Court entered an Order granting the government's motion.  (Docket No. 98.)

Now, Montijo requests that the Court reconsider this decision.  (Docket No. 118.)  Montijo argues that the alleged offenses are predicted on Article 130 of the Puerto Rico Penal Code and that Article 130 "includes an element of knowledge of the age of the alleged victim."  See id. at p. 2 (citing P.R. Laws Ann. tit. 33 § 5191.)  Montijo also contends that pursuant to Puerto Rico law, "there is also the defense of error," which "applies to any article in the Puerto Rico Penal Code," and that "[i]n this case, the error is as to the age of the alleged victim." Id. (citing P.R. Laws Ann. tit. 33 § 5042).  Montijo maintains that "to prevent the defense to show that defendant was mistaken as to the age of the alleged victim would be error" and "[t]o prevent the defense that the victim consented, while the defendant

believed she had the necessary age, is also error." <u>Id.</u> at p. 3. The Court disagrees.

**II.  LEGAL STANDARD**

The Federal Rules of Criminal Procedure do not explicitly provide for motions for reconsideration.  <u>See</u> <u>United States v. Ortiz</u>, 741 F.3d 288, 292 n.2 (1st Cir. 2014) ("[M]otions for reconsideration in criminal cases are not specifically authorized either by statute or by rule.") (internal citation omitted).  The First Circuit Court of Appeals, however, applies the legal standard pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") to motions for reconsideration arising in the criminal context. <u>See, e.g.</u>, <u>United States v. Allen</u>, 573 F.3d 42, 53 (1st Cir. 2009) (applying the legal standard for Rule 59(e) to a motion for reconsideration in a criminal case).  Although Montijo does not identify the statutory source for his motion to reconsider, the Court nonetheless applies the Rule 59(e) legal standard to Montijo's motion.

Pursuant to Rule 59(e), a district court will alter its original order only if it "evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations."  <u>Biltcliffe v. CitiMortgage, Inc.</u>, 772 F.3d 925, 930 (1st Cir. 2014) (quoting <u>Global Naps, Inc. v. Verizon New England, Inc.</u>, 489 F.3d 13, 25 (1st Cir. 2007)).  A motion for

reconsideration does "not provide a vehicle for a party to undo its own procedural failures [or] allow a party [to] advance arguments that could and should have been presented to the district court prior to judgment." Iverson v. City of Bos., 452 F.3d 94, 104 (1st Cir. 2006) (internal citation omitted).

In deciding a motion for reconsideration, the reviewing court has considerable discretion. Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004). "As a general rule, motions for reconsideration should only be exceptionally granted." Villanueva-Mendez v. Nieves Vazquez, 360 F. Supp. 2d 320, 323 (D.P.R. 2005) (Dominguez, J.). "Rule 59(e) relief is granted sparingly . . . ." Biltcliffe, 772 F.3d at 930.

**III. DISCUSSION**

    **A.  Mistake of Age**

Montijo's arguments regarding mistake of age are unavailing because a defendant's mistake of a victim's age is not available as a defense to the charge of transportation of a minor pursuant to section 2423(a). See United States v. Tavares, 705 F.3d 4 (1st Cir. 2013).[1] In Tavares, the First Circuit Court of Appeals rejected the mistake of age defense in section 2423(a)

---

[1] Although Montijo's arguments are based on formerly available evidence that "could and should have been presented" to the Court prior to its decision, the Court exercises its discretion in considering the merits of Montijo's motion in the interests of justice.

cases.  Id. at 20.  The Court was persuaded by the United States Supreme Court in Flores-Figueroa v. United States, 556 U.S. 646 (2009), finding that the Supreme Court "appeared to endorse" that the scienter requirement "would not extend . . . to the underage status of the victim" pursuant to section 2423(a).  Id. (citing Flores-Figueroa, 556 U.S. at 652).  Because Montijo is charged pursuant to section 2423(a), the First Circuit Court of Appeals' holding in Tavares controls, and Puerto Rico law is immaterial.  Accordingly, the Court **DENIES** Montijo's motion and prohibits Montijo from presenting evidence at trial pertaining to mistake of the victims' ages.

### B.  Consent

Montijo's argument regarding the victims' consent is similarly unavailing because the age of a minor vitiates his or her consent to sexual activity.  See United States v. Rogers, 587 F.3d 816 (7th Cir. 2009); United States v. Raplinger, 555 F.3d 687, 692 (8th Cir. 2009); United States v. Street, 531 F.3d 703, 708 (8th Cir. 2008) (affirming the district court's exclusion of consent evidence as irrelevant in a prosecution pursuant to 18 U.S.C. section 2251(a)).  The author of Commentaries to the Puerto Rico Penal Code, Dora Nevares-Muñiz, explains in her commentary to Article 130:

> It is not relevant if the person gave consent to the sexual act, since, due to his [or her] psychophysiological immaturity, the legal system does not recognize him [or her] as capable of giving his [or her] consent. In this modality violence is not required and, in general, the consent of the minor is vitiated.

See Dora Nevares-Muñiz, Commentary, *Puerto Rico Penal Code*, at 210 (2015).[2] Neither federal nor Puerto Rico law recognizes a minor's consent to sexual activity. Evidence of the victims' legally unrecognizable consent is thus irrelevant. Accordingly, the Court **DENIES** Montijo's motion and prohibits Montijo from presenting evidence at trial pertaining to the victims' consent.

## IV. CONCLUSION

For the reasons stated, Montijo's motion for reconsideration (Docket No. 118) is **DENIED**. Montijo may not present any evidence as to mistake of the victims' ages or the victims' consent.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 1, 2018.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE

---

[2] The commentary states:

> No es pertinente si la persona prestó el consentimiento al acto sexual, puesto que, por razón de su inmadurez sicofisiológica, el ordenamiento jurídico no le reconoce capacidad para prestar su consentimiento. En esta modalidad no se requiere violencia y, por lo general, hay el consentimiento viciado del menor.

Nevares-Muñiz, *Puerto Rico Penal Code*, at 210 (official translation forthcoming).