IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BYRON MONTIJO-MAYSONET,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CIVIL NO. 22-1474 (CVR)
Re: Criminal No. 16-242 (FAB)

**OPINION AND ORDER**

**INTRODUCTION**

On August 25, 2016, Byron Montijo-Maysonet's ("Petitioner" or "Montijo") was indicted in a Superseding Indictment with coercion or enticement of a minor, in violation of Title 18, United States Code, Section 2422(b) (Count One); and transportation with intent to engage in criminal sexual activity, in violation of Title 18, United States Code, Section 2423(a) (Counts Three to Six). (Crim ECF No. 28). On March 7, 2018, Montijo was found guilty as to all counts by a jury. (Crim. ECF No. 146). On June 20, 2018, Montijo was sentenced to 198 months each, as to Counts 1 and 3 through 6, to be served concurrently with each other. (Crim. ECF No. 196).

On June 21, 2018, Montijo appealed. (Crim. ECF. No. 197). On September 2, 2020, the Court of Appeals for the First Circuit affirmed Montijo's convictions and sentence. (Crim. ECF No. 206).  On December 16, 2020, the Court of Appeals for the First Circuit denied his petition for rehearing and rehearing en banc.  On May 14, 2021, Montijo filed a petition for writ of certiorari before the United States Supreme Court, which was denied on October 4, 2021.

Case 3:16-cr-00242-FAB   Document 211   Filed 06/16/23   Page 2 of 9

Byron Montijo-Maysonet v. United States of America
Civil No. 22-1474 (CVR)
Opinion and Order
Page 2
_____

On October 4, 2022, Montijo timely filed a motion to vacate, set aside, or correct his sentence in Criminal Case No. 16-242 (FAB) under 28 U.S.C. § 2255. Petitioner's motion raises a claim for violations to Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), and the Fifth and Sixth Amendments Rights to due process, confrontation, and effective assistance of counsel. (Civ. ECF No. 1).

The Government opposed. (Civ. ECF No. 2). Petitioner replied to the Government's opposition (Civ. ECF Nos. 20 and 22) and the Government filed a sur-reply. (Civ. ECF No. 24).

**STANDARD**

Under Section 2255, a federal prisoner who claims that his "sentence was imposed in violation of the Constitution or laws of the United States" may "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Section 2255 provides the primary means of a collateral attack on a federal sentence. *See* United States v. DiRusso, 535 F.2d 673, 674-676 (1st Cir. 1976) (§ 2255 grants jurisdiction over post-conviction claims attacking the "imposition or illegality of the sentence"); Rogers v. United States, 180 F.3d 349, 357, n. 15 (1st Cir. 1999) (motion under §2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself.").

"[E]videntiary hearings on § 2255 petitions are the exception, not the norm, and the petitioner bears the burden of establishing the need for an evidentiary hearing." DeCologero v. United States, 802 F.3d 155, 167 (1st Cir. 2015). "A hearing is not required if (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations need not be accepted as true

because they state conclusions instead of facts, contradict the record, or are "inherently incredible." David v. United States, 134 F.3d 470, 477 (1st Cir. 1998).

A judge is well within his/her discretion in denying a petition when the supporting affidavit is insufficient on its face to warrant a hearing. Dalli v. United States, 491 F.2d 758, 760 (2nd Cir. 1974); *see also* Accardi v. United States, 379 F.2d 312 (2d Cir. 1967); Mirra v. United States, 379 F.2d 782 (2d Cir. 1967). Section 2255 requires a hearing to resolve disputed issues of fact "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Dalli, 491 F.2d 760; Fontaine v. United States, 411 U.S. 213, 215, 93 S.Ct. 1461, 1462 (1973).

To make that threshold determination, the court looks primarily to the affidavit or other evidence proffered in support of the application to determine whether, if the evidence should be offered at a hearing, it would be admissible proof entitling the petitioner to relief. Mere generalities or hearsay statements will not normally entitle the applicant to a hearing, Dalli, 491 F.2d 760, D'Ercole v. United States, 361 F.2d 211, 212 (2d Cir. 1966); Holland v. United States, 406 F.2d 213, 216 (5th Cir. 1969); Barnett v. United States, 439 F.2d 801, 802 (6th Cir. 1971), since such hearsay would be inadmissible at the hearing itself. United States v. Pisciotta, 199 F.2d 603, 607 (2d Cir. 1952); Brady v. United States, 404 F.2d 601, 602 (10th Cir. 1968). The petitioner must set forth specific facts which he is in a position to establish by competent evidence. Machibroda v. United States, 368 U.S. 487 495-496, 82 S.Ct. 510 (1962).

Applying these principles, the Court denies Montijo's § 2255 petition without a hearing because it is inadequate on its face for the reasons explained below.

Case 3:16-cr-00242-FAB   Document 211   Filed 06/16/23   Page 4 of 9

Byron Montijo-Maysonet v. United States of America
Civil No. 22-1474 (CVR)
Opinion and Order
Page 4
_____

## LEGAL ANALYSIS

Petitioner now claims minor victim D.P.P. testified during his trial under duress as she had been allegedly threatened by Puerto Rico Police Department ("PRPD") officers that, if she did not cooperate, they would call Social Services on her mother and would remove her children from her home.  Based on this assertion, Montijo's first argument is that, since this information was not disclosed prior to his trial and it is Brady material, the defense was not able to cross-examine D.P.P. as to this matter resulting in a violation of his constitutional right.[1]  Petitioner Montijo contends that the failure to disclose the threats to the witness violated his rights under Brady, and the Fifth and Sixth Amendments and thus Petitioner requires a new trial.  Petitioner's second argument is that the improper threats violated his right to effective assistance of counsel and due process under the Fifth and Sixth Amendments.  Finally, Montijo posits that the failure to disclose this evidence impacted the result of his trial and sentence.  (Civil ECF No. 1).

For the Court to grant a Brady violation, three components must be present: "the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." Strickler v. Greene, 527 U.S. 263, 281-82, 119 S.Ct. 1936 (1999); Moreno-Morales v. United States, 334 F.3d 140, 146 (1st Cir. 2003).  Even though "threats for failure to testify or threats to testify in a certain matter have been held be information that is discoverable under Brady", evidence must be presented.

---

[1] The Court notes that the Criminal Docket shows that D.P.P. was cross-examined by the defense on other matters. (Criminal ECF No. 168, pp. 47-57).

A review of Montijo's § 2255 petition shows that it only contains conclusory arguments of counsel with no evidence in support thereof. Statements (sworn or unsworn) or affidavits from D.P.P., the PRPD officers or anyone else were not submitted. However, after the Government filed its Response, Montijo filed a Reply trying to justify his failure to submit any affidavits with his Petition stating that "the only people who know what agents said to D.P.P. were the interviewing agents and D.P.P." (Civil ECF No. 20 p. 3). Then, two weeks after Montijo filed his Reply, he tendered in a separate motion a declaration under penalty of perjury of Frances Rivas ("Rivas"), an investigator from the Federal Public Defender's Office who is a third person, who interviewed D.P.P. on November 24, 2021, and narrated what D.P.P. allegedly told her. (Civil ECF No. 22).

The three claims of relief of Petitioner Montijo are based on Rivas' declaration which is hearsay and none of the exceptions apply.[2] Said declaration is not credible evidence in support that the threats occurred, and that Petitioner is entitled to post-conviction relief. The declaration is an out of court statement made by Rivas to prove the truth of the matter asserted. Her statements are inadmissible under the Federal Rules of Evidence. Fed.R.Evid. 801(c), 802. The court concludes that none of the exceptions listed in Rules 803 and 804 of the Fed.R.Evid. have any application to the situation here.

Nonetheless, the Court considers said declaration to decide whether Petitioner is entitled to an evidentiary hearing. *See* Cooper v. United States, 367 F. Supp. 3d 780 (E.D. Tenn. 2019) (Despite hearsay objection to affidavits, which allegedly contained inadmissible hearsay, it was appropriate for court to consider affidavits in connection

---

[2] Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Hearsay is not admissible except as provided by the Federal Rules of Evidence. Fed. R. Evid. 803.

Case 3:16-cr-00242-FAB   Document 211   Filed 06/16/23   Page 6 of 9

Byron Montijo-Maysonet v. United States of America
Civil No. 22-1474 (CVR)
Opinion and Order
Page 6
_____

with its decision as to whether petitioner was entitled to an evidentiary hearing on his motion to vacate, set aside, or correct sentence. 28 U.S.C.A. § 2255).

Rivas's declaration and any testimony Rivas might offer at an evidentiary hearing constitute inadmissible hearsay because she is simply stating what D.P.P. told her about the alleged threats. Rivas has no direct knowledge of D.P.P.'s interview by the PRPD officers because she was not present during that interview when D.P.P. was allegedly threatened. In other words, Rivas only learned of the interview by the PRPD officers and threats through D.P.P. Thus, Rivas's proffered testimony, that D.P.P. was threatened during an interview by PRPD officers into testifying at trial against Petitioner, will be disregarded by the Court at an evidentiary hearing. *See* Neill v. Gibson, 278 F.3d 1044, 1056 (10th Cir. 2001) (holding that district courts do not abuse discretion by refusing to consider hearsay affidavits); United States v. Lowe, 5 F. App'x 832, 837 n. 6 (10th Cir. 2001) (advising defendant that hearsay affidavits may be disregarded in a § 2255 motion).

Moreover, Rivas's declaration was prepared in May 2023, that is, over seven months after the § 2255 petition was filed and in support of a Reply to the Government's Response and almost a year and a half after Rivas interviewed D.P.P. The lack of independent proof of the allegations in the declaration and the fact that the declaration was made in preparation of Petitioner's § 2255 Motion, years after the offense was committed in 2016 and the trial held in 2018, renders the affidavit weak evidence. Simply stated, without Rivas's declaration, there is no factual basis for Montijo's claims for habeas relief.

Thus, since Rivas's declaration is hearsay that would be inadmissible at the hearing, Petitioner Montijo is not entitled to an evidentiary hearing. *See* LoCascio v.

United States, 395 F.3d 51, 57 (2d Cir. 2005) (quoting Dalli, 491 F.2d at 760 ("'hearsay statements will not normally entitle the applicant to a [§ 2255] hearing, since such hearsay would be inadmissible at the hearing itself.'")); Lowe, 6 Fed.Appx. at 837 n. 6 ("In the event that [petitioner] decides to pursue this issue in a § 2255 motion, we advise him that hearsay affidavits may be disregarded."); Goodwin v. Johnson, 132 F.3d 162, 186 (5th Cir. 1997) (holding hat a hearsay affidavit did not entitle habeas petitioner to an evidentiary hearing); Porcaro v. United States, 832 F.2d 208, 212 (1st Cir. 1987) (holding that, absent the proffer of competent, non-hearsay affidavits an evidentiary hearing pursuant to § 2255 was unnecessary); Johnson v. United States, 239 F.2d 698, 699 (6th Cir. 1956) ("[Petitioner] presents only 'incredible hearsay statements' not requiring to be dignified by a hearing").[3]

In the alternative, assuming the Court were to consider Rivas's declaration and/or permit her to testify during an evidentiary hearing, the Government has presented evidence removing any possibility that Montijo's prosecution was somehow tainted by an alleged threat on D.P.P.

The Government submitted a Sworn Statement from victim D.P.P. from June 9, 2023, when the HSI Special Agent in charge of this case met with her. In the Sworn Statement for which D.P.P. has personal fist-hand knowledge, she denies that PRPD agents threatened to report her mother to Social Services if she did not cooperate with the investigation of this case. In addition, D.P.P. further states that she disagreed with the

---

[3] See also 30 Kenneth W. Graham, Jr. and, Michael H. Graham, Federal Practice and Procedure § 6334 (1st ed. 2016) ("[I]n cases where the Advisory Committee has specifically said that the absence of an exemption in Rule 1101 is intended to make the Evidence Rules applicable, courts have held hearsay is inadmissible despite a prior practice of allowing its use; e.g., in habeas-corpus proceedings.").

Case 3:16-cr-00242-FAB   Document 211   Filed 06/16/23   Page 8 of 9

Byron Montijo-Maysonet v. United States of America
Civil No. 22-1474 (CVR)
Opinion and Order
Page 8
_____

defense team's version of events and "resented how they were trying to make Byron look like the innocent victim." (Civil ECF No. 24-1 and 24-2). Moreover, D.P.P. corroborated her mother's Sworn Statement (Civil ECF No. 24-3) indicating that in November 2021, she complained to her mother about her interactions with the defense team that she felt harassed and revictimized by them. In sum, D.P.P. denied the allegations in Petitioner's Motion.

The Court agrees with the Government that D.P.P.'s denial is corroborated by her mother's first-hand account of the events that took place during the initial investigation and in 2021. (Civil ECF No. 24-3). Both Statements are further corroborated by the exhibits submitted with the Government's Response. (Civil ECF Nos. 2-2 through 2-9). Therefore, as properly raised by the Government, Petitioner's constitutional claims are conclusory self-serving arguments of events that never happened.

Thus, the Court concludes that Petitioner has not presented any credible evidence that the victim was threatened, and that the Government suppressed the evidence, either willfully or inadvertently. The Government has presented sworn statements from the victim and her mother who are the two persons with first-hand knowledge completely inconsistent with the hearsay declaration of Rivas. (Civ. ECF Nos. 24-1, 24-3). D.P.P.'s sworn statement expressly states: "The Puerto Rico Police Department (PRPD) agents never threatened to report my mother to social services if I did not cooperate with the investigation." (Civ. ECF No. 24-1). The Government's evidence demonstrates that there is no real question of fact and no need to weigh the credibility of witnesses. *See* United States v. González, 596 F.3d 1228, 1244 (10th Cir. 2010) (finding "no relevant, disputed issues of fact that needed to be resolved, and in turn no need for an evidentiary hearing").

Case 3:16-cr-00242-FAB   Document 211   Filed 06/16/23   Page 9 of 9

Byron Montijo-Maysonet v. United States of America
Civil No. 22-1474 (CVR)
Opinion and Order
Page 9
_____

Accordingly, the Court rejects the factual foundation of Montijo's § 2255 Petition because it is based on inadmissible hearsay and because it is wholly discredited by the Government's evidence. All three of Montijo's grounds for habeas relief - prosecutorial misconduct, Brady violation, and ineffective assistance - are premised on the same facts. Therefore, the Court denies the § 2255 Petition in its entirety and declines to conduct an evidentiary hearing.

**CONCLUSION**

In view of the foregoing, Petitioner Montijo's § 2255 Motion to vacate and correct sentence (Civ. ECF No. 1) is DENIED.

Judgment to be entered accordingly.

**CERTIFICATE OF APPEALABILITY**

It is further ordered that no certificate of appealability should be issued if Petitioner files a notice of appeal, because there is no substantial showing of a denial of a constitutional right under 28 U.S.C. § 2253(c)(2).

IT SO ORDERED.

In San Juan, Puerto Rico, this 16th day of June of 2023.

                                                                         S/ CAMILLE L. VELEZ-RIVE
                                                                         CAMILLE L. VELEZ-RIVE
                                                                         UNITED STATES DISTRICT JUDGE